**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAMES L. CULVER,** **Plaintiff** v, **THE UNITED STATES, UNITED STATES DEPARTMENT OF VETERANS AFFAIRS and JOHN DOES 1- 10,** **Defendants** | **No. 3:06cv1865** **(Judge Munley)** |

## **MEMORANDUM**

Before the court for disposition is the defendants' motion to dismiss the plaintiff's complaint. The motion is fully briefed and ripe for disposition. For the reasons that follow the motion will be granted without prejudice to the plaintiff filing an amended second complaint with regard to Count 1.

**Background**

Plaintiff James L. Culver served in the armed forces from April 14, 1961 to October 30, 1967. (Doc. 14 at 3). His Department of Veterans Affairs's (hereinafter "VA") records indicate that he subsequently received treatment for multiple skin diseases.[1]  Id.  In 1994, he underwent surgery to remove an actinic keratosis.  Id.  Plaintiff, however, never received a biopsy at any subsequent time.  Id.  Furthermore, the VA has not ordered additional lab work to treat plaintiff's ongoing conditions.  Id.  Plaintiff claims that VA medical professionals would fail to take his "vitals" at regularly scheduled appointments.  Id.  According to the plaintiff, he is currently experiencing additional manifestations of his skin diseases such as three lumps on his right tricep, as well as skin lesions and rashes

---

[1] Plaintiff was treated for eczema, xerosis, basal cell carcinomata, seborrhea scalp and actinic keratoses. (Doc. 14, p.3).

growing exponentially on his entire body including the insides of ears.  Id.

In August 2003, plaintiff applied for an increase in benefits he receives from the VA.  (Doc. 14 at 4).  The VA determined that Urticaria was plaintiff's only service connected disability and consequentially raised his benefits from 10% to 30%.  On May 24, 2004, plaintiff appealed the 30% determination and on March 6, 2005 requested a formal hearing.  Id.  The VA denied plaintiff's appeal on November 2, 2005, however, without benefit of a formal hearing.  Id.  Plaintiff claims several other examples of alleged misfeasance by the VA, including a letter the VA failed to timely send plaintiff which forced him to miss a mandatory doctor's appointment, the VA's failure to commit important information to writing, communication by the VA of contradictory information, and the frustration of plaintiff's medical treatment by the VA which requires medical tests which they continually fail to provide.  Id. at 3-6.

On September 22, 2006, plaintiff filed suit against Defendants United States Department of Veterans Affairs and Does 1 through 10 for I) medical malpractice relating to Plaintiff's skin conditions under the Federal Torts Claim Act (hereinafter FTCA); and II) procedural due process violations concerning the VA Ratings Board's decision to designate plaintiff 30% disabled due to his service connected skin conditions.  (Doc. 1).  Plaintiff seeks damages for personal injury, legal costs, that his disability benefits be determined at 100% and such other relief as the court deems proper.  (Doc. 14 at 7).

On November 26, 2006, defendant moved to dismiss the original complaint.  (Doc. 3).  Defendants filed a brief in support of their motion on December 6, 2006.  (Doc. 4).  On January 23, 2007, plaintiff amended his

complaint to name the United States as a defendant. (Doc. 14).

On February 9, 2007, defendants filed the instant 12(b)(1) and 12(b)(6) motion to dismiss due to lack of subject matter jurisdiction over an agency of the United States in an FTCA suit, lack of subject matter jurisdiction over decisions relating to the determination if a veteran's rating for service connected disabilities, the United State's failure to waive sovereign immunity for constitutional claims for money damages, and the federal government is not restrained by constitution of the Commonwealth of Pennsylvania.[2] (Doc. 16 at 1-3).

**Standard**

Federal courts, being courts of limited jurisdiction, have a continuing duty to satisfy themselves of jurisdiction before addressing the merits of a case. Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1049 (3d Cir. 1993) *cert. denied sub nom* Upp v. Mellon Bank, N.A., 510 U.S. 964 (1993).

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, this court dismisses cases for "lack of jurisdiction over the subject matter." Fed. R. Civ. Pro. 12(b)(1). The standard for surviving a motion to dismiss under Rule 12(b)(1), however, is not a difficult one to achieve: "dismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false." Lunderstadt v. Colafella, 885 F.2d 66, 70 (3d Cir. 1989). Instead, courts may "dismiss a claim for lack of jurisdiction if

---

[2] "Every defense, in law or fact, to claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter . . . [and] (6) failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b).

3

the federal claim is 'made solely for the purpose of obtaining jurisdiction ' or if the claim is 'wholly insubstantial and frivolous.'" Kullick v. Pocono Downs Racing Ass'n, 816 F.2d 895 (3d Cir. 1987) (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1956)).  To justify dismissal, "the claim must be 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." Kehr Packages v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991) (quoting Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666 (1946).

The defendant also moves us to dismiss case under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested.  The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted.  In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom and view them in the light most favorable to the plaintiff.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

Defendants raise the following four general issues in their motion to dismiss: 1) Should the United States Department of Veteran Affairs be dismissed under the doctrine of sovereign immunity? 2) Is the medical negligence claim inadequately pled? 3) Does this court lack jurisdiction over the due process claims? and 4) Should the claim for attorney's fees be dismissed?  We will address each issue in turn.

**I. Sovereign Immunity**

First, defendants argue that the United States Department of Veteran

Affairs is not a proper party with respect to the medical malpractice claim. After a careful review, we agree.  The federal government is generally protected from suit pursuant to sovereign immunity. "'Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.' FDIC v. Meyer, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). Congress, of course, has waived its immunity for a wide range of suits, including those that seek traditional money damages. Examples are the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., and the Tucker Act, 28 U.S.C. § 1491." Department of Army v. Blue Fox, Inc.,525 U.S. 255,260 (1999).  With respect to interpreting waivers of immunity, the Supreme Court "frequently held . . .  that a waiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign." Id. at 261.

Plaintiff sues under the Federal Tort Claims Act, which subject to certain exceptions provides, "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances[.]" 28 U.S.C. § 2674.

The language of this provision only waives sovereign immunity with regard to the "United States" not its agencies or departments.  Therefore, immunity is not waived with regard to the Department of Veteran Affairs and that party should be dismissed.  See, e.g., McKenith v. United States, 771 F. Supp. 670, 673 (D.N.J. 1991) (explaining that the FTCA does not provide courts with subject matter jurisdiction over any other defendant but the United States); Dilg v. United States Postal Service, 635 F. Supp. 406, 407 (D.N.J. 1986) (United States is the only proper defendant in a suit for

personal injuries arising out of the negligence of federal employees. Allen v. Veterans Administration, 749 F.2d 1386, 1388 (9th Cir.1984). Individual agencies of the United States may not be sued in their own name in such a case.). Accordingly, the United States Department of Veterans Affairs will be dismissed from this case.

## II. The medical negligence claim

Plaintiff's first cause of action is for medical malpractice/negligence. (Doc. 14, Amended Complaint, at 2-3). Defendants argue that the medical malpractice/negligence claim should be dismissed because plaintiff has failed to plead all the necessary elements for such a cause of action.

Under Pennsylvania law, to establish a case of medical malpractice, the plaintiff must establish: (1) the physician owed a duty to the patient, (2) the physician breached that duty; (3) the breach of duty was the proximate cause of, or a substantial factor in, bringing about the harm suffered by the patient, and (4) the damages suffered by the patient were a direct result of that harm. Mitzelfelt v. Kamrin, 584 A.2d 888, 891 (Pa.1990).

A review of the plaintiff's complaint reveals many assertions that the defendants have failed to provide "lab work," take vital signs, and failed to take biopsies. Plaintiff, however, does not allege that these failures have caused him any harm. Thus, plaintiff has not pled a proper medical malpractice/negligence claim. Before, dismissing this claim, however, we will grant leave to the plaintiff to file a second amended complaint that properly sets forth a medical malpractice/negligence cause of action. Alston v. Parker, 363 F.3d 229, 235 (3d Cir.2004) (holding that if a complaint is subject to Rule 12(b)(6) dismissal, we must permit a curative amendment unless such an amendment would be inequitable or futile).

**III. Due Process**

The plaintiff's second cause of action is for a due process violation under the Fifth Amendment to the United States Constitution and the Pennsylvania state constitution.

We note, initially, that the claims under the Pennsylvania Constitution will be dismissed because no private cause of action exists to assert such claims. <u>Sabatini v. Reinstein</u>, No. CIV. A. 99-2393, 1999 WL 636667 *3 (E.D. Pa. Aug. 20, 1999) (explaining that although Pennsylvania courts have not yet addressed the issue, federal courts have consistently held that no private cause of action is available under the Pennsylvania Constitution).

With regard to the federal due process claim, the plaintiff asserts that the VA erred in increasing his benefits from 10% to 30%. He claims that he is 100% disabled. He asserts that the VA stonewalls him and fails to assist him in obtaining records and information. He also complains that the VA schedules appointments for him but fails to notify him of them in a timely fashion.

The law provides that this court lacks jurisdiction to hear plaintiff's claims regarding the level of benefits he receives. The VA's decision "shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise." 38 U.S.C. § 511; <u>Hunt v. U.S. Air Force</u>, 848 F. Supp. 1190 (E.D. Pa. 1994)("[J]udicial review of the denial of any veterans benefits . . . is specifically precluded by statute under 38 U.S.C. § 511(a).")

Accordingly, count two of plaintiffs' complaint will be dismissed.[3]

**IV. Attorneys fees**

The final issue raised by the defendants is that plaintiff's claim for attorney's fees should be dismissed. We agree.

Under the Equal Access to Justice Act ("EAJA") "a court may award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States." 28 U.S.C. § 2412(b). Generally, a *pro se* plaintiff is not entitled to recover attorney's fees under the EAJA. Hexamer v. Foreness, 997 F.2d 93, 94 (5th Cir.1993); Demarest v. Manspeaker, 948 F.2d 655, 655-56 (10th Cir.1991); Sommer v. Sullivan, 898 F.2d 895, 895-96 (2d Cir.1990) (*per curiam*), cert. denied, 498 U.S. 980, 111 S.Ct. 508, 112 L.Ed.2d 520 (1990); Merrell v. Block, 809 F.2d 639, 642 (9th Cir.1987); Crooker v. EPA, 763 F.2d 16, 17 (1st Cir.1985) (*per curiam*) *cited in* Daley v. Federal Bureau of Prisons, 199 Fed. Appx. 119, 121 (3d Cir. 2006)). Accordingly, we will dismiss the plaintiff's claim for attorney's fees.

**Conclusion**

For the reasons set forth above, we will grant the defendant's motion to dismiss with regard to dismissing the Department of Veteran Affairs from this case. We will also grant it with respect to Count 2, due process. We will grant the motion to dismiss with regard to Count 1 without prejudice to the plaintiff filing a second amended complaint. An appropriate order follows.

---

[3]We do not grant leave to amend count two of the complaint as any such amendment would be futile.

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAMES L. CULVER,**<br>**Plaintiff**<br><br>v,<br><br>**THE UNITED STATES,**<br>**UNITED STATES DEPARTMENT**<br>**OF VETERANS AFFAIRS, and JOHN**<br>**DOES 1- 10,**<br>**Defendants** | No. 3:06cv1865<br><br>(Judge Munley) |

## ORDER

**AND NOW**, to wit, this 17th day of October 2007, the defendants' motion to dismiss is granted (Doc. 16) as follows:

1) Defendant United States Department of Veterans Affairs is **DISMISSED** from this action;

2) Count II of the complaint is dismissed with prejudice;

3) Plaintiff's claim for attorney's fees is **DISMISSED**; and

4) Count I of the complaint is dismissed without prejudice to the plaintiff filing an amended complaint that properly sets forth a medical malpractice/negligence cause of action. Plaintiff shall have twenty (20) days from the date of this order to file the second amended complaint. If it is not timely filed this case will be closed.[4]

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

---

[4]Also appearing on the docket is a motion to dismiss plaintiff's complaint (Doc. 3). This motion is **DENIED** as moot due to the filing of the amended complaint.